IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:09CR46-RLV-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PRELIMINARY** |
| v. | ) | **ORDER OF FORFEITURE** |
| | ) | |
| TONY DEWAYNE BURKE, | ) | |
| | ) | |
| Defendant. | ) | |

As a result of the guilty plea of the Defendant to the offense stated in the Bill of Indictment, for which the United States sought forfeiture pursuant to 18 U.S.C. § 924(d), the defendant shall forfeit to the United States all property constituting or derived from any proceeds the Defendant obtained, directly or indirectly, as a result of such offense ; and/or all property used or intended to be used in any manner or part to commit or facilitate the commission of the offense.

The Court has determined, based on the Bill of Indictment and the guilty plea of the Defendant, that the below-described property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and that the Government has established the requisite nexus between such property and such offense and that the Defendant had an interest in the property.

It is therefore ORDERED:

1. **The following property** is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

**(1) a Winchester, 1300 Defender, 12 gauge shotgun, s/n L3313906; and**
**(2) a Maverick Arms, 88, 12 gauge shotgun, s/n MV09675J.**

2. The Attorney General (or a designee) is authorized to seize the forfeited property subject

to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to Fed. R. Crim P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1), the United States shall post on an official government internet site ([www.forfeiture.gov](www.forfeiture.gov)), for at least 30 consecutive days, notice of this Order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. Any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the Order of Forfeiture pursuant to 21 U.S.C. § 853(n).   The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. This Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgement.  If no third party

files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**SO ORDERED**.                    Signed: April 26, 2010

David S. Cayer
United States Magistrate Judge